UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA J. SMITH,

        Plaintiff,

  v.

COSTA DEL SOL DEVELOPMENT NV, MARRIOTT INTERNATIONAL, MARRIOTT ARUBA NV, ARUBA SURF CLUB NV, ARUBA SURF CLUB COOPERATIVE ASSOCIATION, and PLANT HOTEL NV

        Defendants.

Case No. 11-14691
Honorable Julian Abele Cook, Jr.

ORDER

On August 30, 2011, the Plaintiff, Tina J. Smith, filed this personal injury action against the Defendants in the Wayne County Circuit Court of Michigan, prior to its removal to this Court on the basis of its diversity jurisdiction.[1]

Now pending before the Court are several motions by the Defendants (Aruba Surf Club NV, Costa Del Sol Development Company NV, Marriott Aruba NV, and Marriott International, collectively identified hereinafter as the "Aruban Defendants"), all of whom seek orders of dismissal for lack of personal jurisdiction. (ECF 16). Marriott International has also filed a motion to dismiss pursuant to the doctrine of forum non conveniens. (ECF 19). The two remaining Defendants (Aruba Surf Club Cooperative Association and Plant Hotel NV) have also

---

[1]The claims by the Plaintiff, arise from a series of events that occurred while she was in Aruba on vacation

1

filed motions to dismiss, claiming lack of personal jurisdiction as a defense (ECF 20, 22).

I.

Tina J. Smith, who is a resident of Michigan, purchased a timeshare for one week at a Marriott hotel in Hawaii. Smith's timeshare agreement allowed her to exchange the recently acquired week in Hawaii for a property at a different location. The exchange of the timeshare was coordinated through Interval International, an entity that is not a party to this litigation.

On June 3, 2009, Plaintiff exchanged her interest in the Hawaiian timeshare for one week at the Aruba Surf Club. This exchange was conducted through Interval International's website. She reserved a timeshare interest at the Aruba Surf Club which covered a one week period from September 4, 2009 to September 11, 2009. On September 7, 2009, staff members at the Plant Hotel NV facility entered the Plaintiff's room during her absence to clean the bathroom. According to the Plaintiff, these cleaning staff persons failed to properly rinse the shower, leaving it soapy and slippery. Plaintiff submits that, upon entering the shower, she slipped and fell, causing her to sustain a broken arm which required subsequent surgery and treatment in Michigan.

II.

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) challenges the sufficiency of the jurisdictional facts regarding the existence of personal jurisdiction over a defendant. A claimant - such as the Plaintiff - has the burden of establishing the existence of personal jurisdiction. *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1151 (6th Cir. 1990). When a court resolves the issue as to whether it has personal jurisdiction on the basis of written submissions alone, the plaintiff "may not rest on [her] pleadings to answer the movant's affidavits, but must set forth,

by affidavit and otherwise . . . [set forth] specific facts showing that the court has jurisdiction." *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). If her pleadings and affidavits set forth the facts with sufficient particularity, a court must ignore contrary assertions by a defendant. *Id*. at 1215.

## III.

The Aruban Defendants have challenged the Plaintiff's assertion that the Court has properly exercised personal jurisdiction over them. In a diversity case - as here - a court must determine if personal jurisdiction is appropriate by examining the law of the state in which the district court sits and the due process clause of the Fourteenth Amendment. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). In Michigan, there are two "long-arm" statutes which authorize an exercise of personal jurisdiction over non-resident defendants. *General personal jurisdiction* exists over any corporation that is incorporated in Michigan, consents to jurisdiction, or engages in a continuous and systematic business activity within the state. Mich. Comp. Laws § 600.711. *Limited personal jurisdiction* may be exercised over a defendant who has developed certain minimum contacts with the forum state but only over the claims which arise from or relate to those contacts. Mich. Comp. Laws § 600.715; *Theunissen v. Matthews*, 935 F.2d 1454, 1460 (6th Cir. 1991).

The Court will initially address general personal jurisdiction under Mich. Comp. Laws § 600.711. Significantly, as it relates to this aspect of jurisdiction, the Plaintiff has not alleged that any of the Defendants are incorporated under Michigan law or that they have consented to an exercise of personal jurisdiction over them. Further, the Defendants have attached affidavits, all of which affirmatively state that the following Defendants (Costa del Sol Development

Company, Aruba Surf Club, Marriott Aruba, and Plant Hotel) are all incorporated in Aruba. Additionally, there has not been any demonstration by the Plaintiff that any of these Defendants had engaged, or are currently engaging, in a "continuous and systematic" business activity in Michigan. Moreover, these Aruban Defendants have attached an affidavit which proclaims that none of them have participated in any "continuous and systematic" business activity in the state of Michigan. Furthermore, the standards that are applicable to general personal jurisdiction issues do not apply to any of these Defendants. Therefore, the Court must now seek to determine if it can exercise limited personal jurisdiction over these Defendants under Michigan's "long arm" statute, Mich. Comp. Laws § 600.715

According to this statute, a plaintiff must show that the defendant has sufficient "minimum contacts" with Michigan so that an exercise of jurisdiction over the defendant would not offend the "traditional notion of fair play and substantial justice." *See Neogen Corp.*, 282 F.3d at 889 (internal quotation omitted). Thus, it is imperative that the exercise of limited personal jurisdiction over a non-resident corporation must be consistent with due process. The Sixth Circuit has developed a three part analysis to determine whether sufficient minimum contacts exist to confer jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Neogen Corp.*, 282 F.3d at 890 (internal quotation omitted).

Under the first prong, "purposeful availment" means that a defendant's "contacts proximately result from the actions by the defendant that create a substantial connection with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (emphasis in original). This

4

purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id*. at 475.

The Plaintiff has made no showing that the Aruban Defendants "purposefully availed" themselves of the privilege of doing business in Michigan. As noted above, none of the Aruban defendants has any contacts in Michigan. The Defendants have not "deliberate[ly] under[taken] to do our cause[d] an act or thing to be done in Michigan." *Khalaf v. Bankers & Shippers Insurance Co.*, 404 Mich. 134, 153 (1978) (defining purposeful availment).

With respect to Costa del Sol, the Plaintiff submits that she executed a "share purchase agreement" with this corporate entity in 2008. However, the Sixth Circuit has held that the mere signing of a contract with a Michigan citizen does not automatically establish minimum contacts which would be sufficient to establishment of the requisite" purposeful availment" standard of the privilege of acting in Michigan. *Kerry Steel, Inc. v. Paragon Indus. Inc.,* 106 F.3d 147, 151 (6th Cir. 1997); *Burger King*, 471 U.S. at 475. This finding is even stronger because it is the Plaintiff who made the independent determination that she wished to exchange her Hawaiian timeshare interest for an Aruban vacation. None of the Aruban Defendants initiated this transaction or forced her to visit Aruba. *See Kerry Steel*, 106 F.3d at 151.

The Plaintiff asserts that her use of the Interval International website, through which she traded her timeshare week in Hawaii for a comparable period in Aruba, constitutes a "purposeful availment." However, the Plaintiff has failed to introduced evidence that the Defendants exercised any degree of ownership or control over Interval International and its website. It must be the Defendant's website which establishes the necessary minimum contacts, not the website

of an unrelated entity. *See Neogen*, 282 F.3d at 890. Since the Plaintiff has failed to establish that it meets the first necessary prong of this analysis, the Court declines to examine the remaining two prongs.

For the reasons stated above, the Defendants' motions to dismiss for lack of personal jurisdiction (ECF 16, 20, and 22) are granted. Marriott International's motion to dismiss pursuant to forum non conveniens is denied for mootness (ECF 19).

IT IS SO ORDERED.


Date: May 2, 2013                           s/Julian Abele Cook, Jr.
                                            JULIAN ABELE COOK, JR.
                                            U.S. District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 2, 2013.

                                            s/ Kay Doaks
                                            Case Manager